[No. D038830. Fourth Dist., Div. One. Oct. 30, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL BARASA, Defendant and Appellant.

**COUNSEL**

Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil P. Gonzalez and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, Acting P. J.**—Daniel Barasa was convicted by pleas of guilty of one instance of possession for sale and one instance of transporting of a controlled substance. Barasa appeals, arguing that with respect to the transportation conviction, Penal Code section 1210.1, enacted by Proposition 36 in 2001 (Prop. 36, § 5, eff. July 1, 2001, approved Nov. 7, 2000), which mandates probation in cases involving drug possession for personal use, should be extended to him as to the transportation conviction. We disagree that the statute in question is applicable to Barasa's conduct, and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

*Case No. SCD 152045—Possession of Cocaine for Sale*

On April 1, 2000, just before 9:00 p.m., police in Montezuma Park and three male persons were walking towards each other in the park when the police observed Barasa throw an object upon the ground. The object was a bindle of cocaine rocks weighing 8.5 grams. Barasa (who was also in possession of a small amount of marijuana, for which he was not charged) admitted he had been selling cocaine to support himself, but wanted to reform and "do the right thing." Despite having incurred this offense while on probation from a juvenile conviction for transporting cocaine base and sale of cocaine base, on May 11, 2000, Barasa was granted probation on condition he spend 180 days in jail. Barasa never appeared for probation orientation, and his probation was revoked on December 11, 2000, after another offense.

*Case No. SCD 156149—Transportation of Cocaine*

On October 26, 2000, while in violation of his probation in the foregoing case, Barasa was seen by officers in the 3600 block of University Avenue. Barasa quickly walked into a video store and handed something to the clerk therein. The "something" was a package containing a dozen bags of cocaine

---

[1]As the matter involves pleas of guilty, facts are taken from the probation reports.

weighing over 41 grams. Barasa later admitted to police that he was selling cocaine. ▆▆ ▅▅ In response to Barasa's plea of guilty to a charge of transporting cocaine, a charge of possession for sale was dismissed,[2] but with a *Harvey*[3] waiver allowing the sentencing judge to also consider the facts underlying the charges which were dismissed.

On August 14, 2001, counsel for Barasa requested the enhancing allegation be struck and the lower term imposed. The judge, noting Barasa "obviously is dealing in rock cocaine" and Proposition 36 was "a bunch of bull, B-U-L-L, capitalized and underlined," sentenced Barasa to state prison for the middle term of four years on the transportation conviction, enhanced by a three-year term for the prior sales conviction, for a total term of seven years. The sentence on the other case, the possession-for-sale matter, was ordered to run concurrently with the sentence in the transportation case.

## STANDARD OF REVIEW

▆ We determine this case by reading the statute in question, and our Supreme Court has defined the standard: "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the . . . voters . . . . [Citations.] [¶] But the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be

---

[2]Barasa was charged with transporting cocaine (count 1) and possessing cocaine for sale (count 2), and it was alleged he had a previous possession-for-sale conviction. When Barasa entered a guilty plea to one count and an enhancing allegation on condition the second count be dismissed, the trial judge mistakenly referred to the plea as "guilty to Count One which is sales of cocaine and you are admitting the [prior] allegation," to which Barasa replied "Yes." The parties corrected themselves, however, and referred to the transportation charge as the subject of the plea. That the offenses herein are in fact indistinguishable was always clear below.

[3]In a 1979 case, our Supreme Court held that as to a count dismissed pursuant to an agreement to plead guilty to other counts, "it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count . . . for purposes of aggravating or enhancing defendant's sentence. Count three was dismissed in consideration of defendant's agreement to plead guilty to counts one and two. Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (*People v. Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396].)

A *Harvey* waiver, such as was made in this case, is a "contrary agreement" permitting the sentencing judge to consider the facts relating to dismissed charges. Barasa does not challenge the validity of the *Harvey* waiver given in this case, and as an intermediate appellate court, we would necessarily reject such a challenge in any event.

determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

DISCUSSION

Barasa argues that, in light of language in Penal Code section 1210.1 concerning "transportation for personal use" of drugs, the due process clause of the United States Constitution requires the government to prove that the transportation of a controlled substance was not for personal use. The point *assumes*, however, it is the government's burden to prove such exception. ▬ ▬ As we find nothing in the statutory language to support this interpretation, we reject the assertion of error, and because we resolve the case on statutory grounds, we do not address the constitutional issues sought to be presented.[4]

## A. Background

At the General Election on November 7, 2000, the electorate passed Proposition 36, an initiative entitled the Substance Abuse and Crime Prevention Act of 2000. The act changed penal consequences for those convicted of nonviolent drug possession offenses. In particular, such offenders are placed on probation for mandatory drug treatment instead of being sent to prison. An uncodified provision of the act delayed its effective date until July 1, 2001. This provision also made the act prospective only.

---

[4]When statutory grounds dispose of an issue, constitutional questions should be avoided because of the "concept of judicial self-restraint, succinctly stated in the rule that 'we do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us.' [Citations.] As the United States Supreme Court reiterated, 'A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.' (*Lyng v. Northwest Indian Cemetery Protective Assn.* (1988) 485 U.S. 439, 445 [99 L.Ed.2d 534, 544, 108 S.Ct. 1319].) Applying that principle, the high court observed that if statutory relief had been adequate in the case before it, 'a constitutional decision would have been unnecessary and therefore inappropriate.' (*Id.* at p. 446 [99 L.Ed.2d at p. 544].) Here, as we shall see, the statutory ground is adequate and therefore dispositive." (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230-231 [45 Cal.Rptr.2d 207, 902 P.2d 225]; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1244 [82 Cal.Rptr.2d 85, 970 P.2d 872].)

Section 1210.1,[5] added to the Penal Code by Proposition 36, provides in relevant part that "any person convicted of a nonviolent drug possession offense shall receive probation." (§ 1210.1, subd. (a).) Penal Code section 1210, subdivision (a), also added by Proposition 36, states: "The term 'nonviolent drug possession offense' means the unlawful possession, use, or transportation for personal use of any controlled substance . . . ."

## B. *Application of Proposition 36 to This Case*

Barasa argues Proposition 36 is applicable in cases such as this one in which the conviction, i.e., adjudication of guilt and sentencing thereon, occurred on or after July 1, 2001. According to Barasa, because he had not yet been sentenced, he would not be "convicted" until after the statute's effective date and therefore he was eligible for the benefits of probation as provided thereunder. ■ Courts have agreed: "A defendant found guilty before the effective date of the Act, but sentenced after the Act's effective date, comes within the sentencing provisions of section 1210.1, because 'conviction' within the meaning of section 1210.1 means adjudication of guilt and sentencing. (*In re DeLong* (2001) 93 Cal.App.4th 562, 568 [113 Cal.Rptr.2d 385].) Because Scoggins was convicted within the meaning of the Act after its effective date he was entitled to the benefits of section 1210.1, subdivision (a) sentencing." (*In re Scoggins* (2001) 94 Cal.App.4th 650, 657 [114 Cal.Rptr.2d 508]; see also *People v. Legault* (2002) 95 Cal.App.4th 178 [115 Cal.Rptr.2d 352].)

The Attorney General argues that *Legault, Scoggins* and *DeLong* are wrongly decided. Further, the Attorney General asserts cases finding equal protection arguments to apply to this situation are wrongly decided and should not be followed. We decline to entertain an extended analysis of these questions. Instead, without deciding the question, we simply *assume* the act is applicable herein from a procedural point of view, and then inquire only into whether the act's provisions apply substantively to this case.

---

[5]The statutory language is as follows: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose. Probation shall be imposed by suspending the imposition of sentence. [¶] In addition to any fine assessed under other provisions of law, the trial judge may require any person convicted of a nonviolent drug possession offense who is reasonably able to do so to contribute to the cost of his or her own placement in a drug treatment program." (Pen. Code, § 1210.1, subd. (a).)

## C. Apprendi

In *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435] (*Apprendi*), the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum for the crime must be submitted to a jury and proved beyond a reasonable doubt. ▮ In view of *Apprendi*, Barasa contends the issue of whether under Penal Code section 1210.1 a defendant transports drugs for personal use is a factual question for a finder of fact to determine under a "reasonable doubt" standard. Consequently, Barasa argues, his sentence must be vacated because the trial court failed to make the relevant factual determinations.

As our Supreme Court recently noted, "This is what *Apprendi*[6] teaches us: Except for sentence enhancement provisions that are based on a defendant's prior conviction, the federal Constitution requires a jury to find, beyond a reasonable doubt, the existence of every element of a sentence enhancement that increases the penalty for a crime beyond the 'prescribed statutory maximum' punishment for that crime. (*Apprendi, supra,* 530 U.S. at p. 490 [120 S.Ct. at p. 2363].)" (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 326 [109 Cal.Rptr.2d 851, 27 P.3d 739].)

In this case, the issue concerns a sentencing provision which lightens, rather than increases, punishment for crime. Because Penal Code section 1210.1 effects a sentencing *reduction*, rather than an *increase* in the "prescribed statutory maximum" sentence, the analysis of a related sentencing provision which also provides for a possible mitigation of punishment, rather than an increase in the prescribed statutory maximum punishment, is applicable.

---

[6]*Apprendi* involved two New Jersey criminal laws. One punished possession of a firearm for an unlawful purpose by imprisonment for five to 10 years, and a second, a "hate crime" law, provided a sentence enhancement increasing the range to 10 to 20 years if the court found by a preponderance of the evidence a defendant acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity. (*Apprendi, supra,* 530 U.S. at pp. 468-469 [120 S.Ct. at pp. 2351-2352].) Apprendi fired into the home of a Black family, but the indictment did not refer to the hate crime statute. Apprendi pled guilty to possessing a firearm for an unlawful purpose. After the plea, the prosecutor moved to enhance the sentence under the hate crime statute. The trial court held an evidentiary hearing and found by a preponderance of the evidence the crime was motivated by racial bias. The judge then applied the hate crime enhancement and sentenced Apprendi to a total of 12 years in prison. The New Jersey Supreme Court upheld this sentence. (*Id.* at pp. 469-473 [120 S.Ct. at pp. 2351-2354].) The United States Supreme Court reversed, holding the procedure used by the New Jersey courts violated the due process clause of the Fourteenth Amendment. (*Id.* at p. 476 [120 S.Ct. at p. 2355].) After reviewing the historical importance of trial by jury and the requirement of proof beyond a reasonable doubt, the court set out this rule: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum [for the crime] must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490 [120 S.Ct. at pp. 2362-2363].)

We refer to Penal Code section 654,[7] as to which another court of appeal has held as follows: "[D]efendant contends, relying upon *Apprendi v. New Jersey* (2002) 530 U.S. 466 . . . , the jury must decide whether section 654 applies. [Another court] recently rejected an identical contention, concluding that 'section 654 does not run afoul of the rule announced in *Apprendi*. The question of whether section 654 operates to "stay" a particular sentence does not involve the determination of any fact that could increase the penalty for a crime beyond the prescribed statutory maximum for the underlying crime. . . .' [Citation.] 'Unlike the "hate crime" provision in *Apprendi*, section 654 is not a sentencing "enhancement." On the contrary, it is a sentencing "reduction" statute. Section 654 is . . . a discretionary benefit provided by the Legislature to apply in those limited situations where one's culpability is less than the statutory penalty . . . .' [Citation.]" (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1021-1022 [109 Cal.Rptr.2d 464].)

Under the noted cases and authorities, because this case does not involve a sentencing enhancement, *Apprendi* is of no application hereto.

### D. *Burden of Proof*

 Barasa's *Apprendi* arguments assumed that Penal Code section 1210 created an offense of transporting for personal use, with "not for personal use" transportation constituting a sentencing enhancement. As just noted, we do not agree with that thesis, and instead look only to determine whether the statutory language which applies to this case places the burden of proof as to whether or not an amount transported was for "personal use" on the prosecution, as Barasa argues, or upon the defendant, as the People assert.

 Under the standard of review we have cited, we must read the language of the enactment in context, and the context, a clearly stated requirement that probation be granted in personal-use amount cases, demonstrates no more than this: in personal use amount cases, a prosecutor may not avoid the application of Proposition 36 simply by charging the offense as a transportation rather than as a possession. Thus, read in context, the "transportation" offense is not divided into degrees by Proposition 36; rather, where the transportation is of an amount for personal use, probation may be available to a defendant who can show that he comes within this exception.

---

[7]Penal Code section 654, subdivision (a), provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

■ Thus, where transportation is alleged and proven, the central and dispositive question is whether Barasa or the People had the burden on the question of whether the drugs he transported were for personal use. Barasa argues the People must prove the negative; that is, the drugs transported were transported for commercial rather than personal usage. We disagree, as the law is clearly settled to the contrary: "As provided by Evidence Code section 500: 'Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.' Once this initial burden is met, the opposing party will be charged with producing its own evidence as to the matters established. '(a) The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of further evidence. [¶] (b) The burden of producing evidence as to a particular fact is initially on the party with the burden of proof as to that fact.' (Evid. Code, § 550.) ' "Burden of producing evidence" means the obligation of a party to introduce evidence sufficient to avoid a ruling against him on the issue.' (Evid. Code, § 110.) Thus, if a plaintiff presents evidence to establish each element of its case, the defendant has the burden of going forward with its own evidence as to those issues. This does not alter the ultimate burden of proof, which rests with the plaintiff to prove each of the relevant facts supporting its cause of action." (*Tusher v. Gabrielsen* (1998) 68 Cal.App.4th 131, 144-145 [80 Cal.Rptr.2d 126], italics omitted.)[8]

Of course, there is no possibility Barasa could hope to persuade a sentencing judge the drugs he transported were for personal use only, as their quantity and their packaging, as well as Barasa's admissions, demonstrate the transportation of a significant quantity of drugs for purposes of sale, rather than personal consumption.[9]

Barasa does not (and can not) dispute the validity of the *Harvey* waiver given in this case. Pursuant to that waiver, the above recited facts concerning the transportation offense were properly before the sentencing judge, and in the absence of any suggestion as to how the judge might have contorted his understanding of the drug possession in this case to involve personal use rather than sales, there was no sentencing error.

Finally, as our Supreme Court noted in another case, even were we in error in our analysis and Barasa had been convicted with an incorrectly

---

[8]See also California Rules of Court, rule 4.420(b): "Circumstances in aggravation and mitigation shall be established by a preponderance of the evidence. . . ."

[9]As the judge pointed out at sentencing, Barasa's assertions he had been selling drugs for only about a month before the current offense were "disingenuous because [selling cocaine] is not something he fell into. It is something he has done and keeps doing. [¶] Based on that, I think the 7 year term and running the other case concurrent is appropriate."

allocated burden of proof, in cases where there is uncontradicted evidence as to a point, there can be no prejudice: "On such a factual record we will not assume the trial court's decision was dependent on any presumption affecting the burden of proof, whether correct or erroneous, for when evidence is both sufficient to establish a point and completely uncontroverted, questions regarding the effect of allocating the burden of proof simply do not arise. (See *Medina v. California* (1992) 505 U.S. 437, 449 [112 S.Ct. 2572, 2579, 120 L.Ed.2d 353] ['Under California law, the allocation of the burden of proof to the defendant will affect competency determinations only in a narrow class of cases where the evidence is in equipoise . . . .'].) In other words, a theoretically erroneous allocation of the burden could not, in these circumstances, be prejudicial, as under either allocation the court could not do anything but find the substantial and uncontested evidence of competency predominated." (*People v. Sakarias* (2000) 22 Cal.4th 596, 617-618 [94 Cal.Rptr.2d 17, 995 P.2d 152].)[10]

Nothing in the world would have convinced the trial judge in this case Barasa's transportation of 41.5 grams of cocaine was for his personal use, for the excellent reason (among others) that Barasa also admitted he was selling the drug, and there can be on this record no possible prejudice. For this reason also, we reject Barasa's assertions of error with respect to his sentencing.

## DISPOSITION

The judgment is affirmed.

Nares, J., and Haller, J., concurred.

A petition for a rehearing was denied November 15, 2002, and appellant's petition for review by the Supreme Court was denied January 22, 2003.

---

[10]See also the discussion of sentencing factors in *People v. Otto* (2001) 26 Cal.4th 200, 209-214 [109 Cal.Rptr.2d 327, 26 P.3d 1061].