Filed 7/11/13  P. v. Walker CA6
Reposted to include signatures
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037230 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1080058) |
| v. | |
| RAYMOND JEROME WALKER, | |
| Defendant and Appellant. | |

Defendant Raymond Jerome Walker was sentenced to prison after a jury found him guilty of simple possession of cocaine base and transportation of cocaine base.  On appeal he contends that the trial court erred in denying Proposition 36 treatment based upon a refusal to find that defendant did not possess the cocaine for personal use.  Defendant contends in effect that such a finding was compelled by his acquittal on charges of possession for sale.  We reject the contention, and will affirm.

**BACKGROUND**

On April 4, 2010, defendant drove his car into a ditch and was taken to a hospital by a paramedic.  He denied to the paramedic that he had been using drugs or alcohol.  However his "mental status" appeared "altered" and he was "act[ing] very bizarrely," including talking constantly to himself in the ambulance.

At the hospital, while defendant was being prepared for surgery, a plastic bag containing a number of small white spheres was observed protruding from his rectum. This was retrieved and delivered to law enforcement officials. Also retrieved was a scorched glass pipe.

The bag was found to contain 24 white objects of similar size and appearance. A criminalist tested two of them, and found that they consisted of .14 and .15 grams, respectively, of rock cocaine. Testifying as an expert, a police officer opined that defendant had possessed the cocaine base for sale because it was a relatively large quantity and the rocks were individually wrapped. On cross-examination, he acknowledged that a heavy user might purchase such a quantity for his own use, and that he might buy it individually wrapped if that was what the dealer had for sale. However a dealer would generally make more money—and inferentially a buyer would pay more— for "smaller chunks" than for cocaine sold "in bulk." He also acknowledged that a dealer generally has additional accessories of sale—such as scales, cell phones, ledgers, and cash—whereas defendant was found with only cocaine and a pipe. He also acknowledged that he had never bought cocaine from a dealer who had, in his presence, "pulled it out of their bottom."

The defense presented evidence that defendant had recently relapsed from drug abstention and had been observed smoking a crack pipe, or under the apparent influence of drugs, on several occasions over the two or three days preceding the discovery of cocaine base on his person.

Defendant was charged with possession of cocaine for sale (Health & Saf. Code, § 11351.5) and transportation or sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)). The jury found him not guilty of the first charge, but guilty of the lesser offense of simple possession of cocaine base, and guilty of the second charge. The

jury also sustained an allegation that defendant had a prior conviction for a violation of Health and Safety Code section 11352.

At sentencing, defendant addressed the court, indicating that he only possessed the cocaine for his own use and was not "transporting [it] for anybody." Defense counsel argued that he "qualifies for Prop 36 based on the jury's verdict." The prosecutor countered that, under two cited cases, it was "clearly within the Court's . . . discretion," notwithstanding the verdict, "to determine eligibility for Prop 36." (See *People v. Glasper* (2003) 113 Cal.App.4th 1104 (*Glasper*); *People v. Barasa* (2002) 103 Cal.App.4th 287 (*Barasa*).)

The court rejected the defense position, stating, "I do not find that you are eligible for Prop 36. I think the *Glasper* case is very relevant here. [¶] And frankly, the fact that a jury could find that 26—I believe it was 25 individually wrapped rocks of cocaine was not possession for sale is a surprise to me. I've never seen such a huge amount not being possessed for sale. [¶] But I—and I do find that it was not an amount that was likely to be for personal use. In the *Glasper* case, there were only 14 individual rocks that the Court found were not for personal use."

The court imposed a sentence of seven years in prison. Defendant filed this timely appeal.

DISCUSSION

The ultimate question is whether defendant was entitled to diversion under Penal Code sections 1210 and 1210.1, which were adopted by initiative in 2001 as part of Proposition 36. They provide that, with certain exceptions not relevant here, "any person convicted of a nonviolent drug possession offense shall receive probation," conditioned on "participation in and completion of an appropriate drug treatment program." (Pen. Code, § 1210.1, subd. (a).) "[N]onviolent drug possession offense" includes "unlawful personal use, possession for personal use, or transportation for personal use of any

3

controlled substance," but does not include "possession for sale." (Pen. Code, § 1210, subd. (a).)

The court below found that defendant possessed the cocaine found on his person for sale and not for personal use. Defendant contends that the court could not properly make such a finding after the jury acquitted him of possession for sale. As defendant puts it, "the sentencing court could not have found that appellant possessed the cocaine for sale because the jury had found that he did not possess the cocaine for sale." But the jury made no such finding. Its verdict acquitting defendant of possession for sale did not import an affirmative determination that he "did not possess the cocaine for sale." Rather it determined only that the prosecution had *failed to prove* beyond a *reasonable doubt* that defendant *did* possess the cocaine for sale. As the jury was instructed, its task was to determine whether the prosecution had proven the elements of the offense *beyond a reasonable doubt*. These included the element that defendant "intended to sell" the cocaine he possessed. The verdict establishes only that the prosecution failed to prove this element by the demanding reasonable-doubt standard. (Cf. *People v. Harris* (2009) 171 Cal.App.4th 1488, 1491, 1494 [jury "specifically found" that cocaine was transported for personal use].)

To establish eligibility for Proposition 36 diversion, it was *defendant's* burden to establish *by a preponderance of the evidence* that he did *not* possess the cocaine for sale, i.e., that he possessed it for personal use. This is at any rate is the effect of several decisions that have previously addressed these questions. The earliest of these is *Barasa*, *supra*, 103 Cal.App.4th 287, where the defendant had pleaded guilty to a charge, as relevant here, of transporting controlled substances. On appeal he contended that he was entitled to Proposition 36 diversion with respect to this charge unless the prosecution proved that the transportation was not for personal use. (*Id.* at p. 292.) The court understood this argument to rest on an implicit interpretation of the statute making it the

4

state's burden to prove ineligibility for diversion. (*Ibid*.) The court rejected this interpretation, applying the general rule that " ' "a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." ' " (*Id.* at p. 296, quoting *Tusher v. Gabrielsen* (1998) 68 Cal.App.4th 131, 144-145, quoting Evid. Code, § 500.) To complete the implicit syllogism, it is the defendant who asserts a "claim for relief" by seeking probation under Proposition 36; therefore it is the defendant's burden to establish his eligibility.

In *Glasper*, *supra*, 113 Cal.App.4th 1104, another panel of this court followed *Barasa* in a context more nearly resembling the present one. The three defendants there were charged with transporting cocaine base and possessing it for sale. One of them was entirely acquitted of the latter charge, while the other two were found guilty of simple possession. Two of the defendants challenged the trial court's finding that they were ineligible for diversion under Proposition 36. (*Id.* at p. 1112.) They argued that their acquittals of possession for sale precluded a determination that they had possessed the substance for other-than-personal use. (*Ibid*.) One of them argued that this verdict constituted a " 'finding' " by the jury "that she had not possessed cocaine for anything other than 'straight' possession." (*Id*. at p. 1113.) The trial court found otherwise, based primarily on the number of "rocks" possessed by the defendants, i.e., 14. (*Id.* at pp. 1113, 1114.) This court explicitly adopted the reasoning of *Barasa* in concluding that the defendant bears the burden of demonstrating facts making him eligible under Proposition 36, and that he does not necessarily carry that burden merely by securing an acquittal on a charge of possession or transportation for sale. (*Id.* at pp. 1115-1116.)

In *People v. Dove* (2004) 124 Cal.App.4th 1, 10-11 (*Dove*), the court followed *Barasa* and *Glasper* in placing the burden of proof on the defendant, adding that the appropriate *standard* of proof was a preponderance of the evidence. The court went on to conclude, logically enough, that "the acquittal on the charge of possession for sale did not

5

bind the trial court. The acquittal simply meant the jury was not convinced beyond a reasonable doubt that the possession was for sale. Precisely because *Apprendi* [*v. New Jersey* (2000) 530 U.S. 466] and *Blakely* [*v. Washington* (2004) 542 U.S. 296] did not apply, the trial court was free to redetermine the personal use issue based on the preponderance of the evidence."[1]

Defendant's attempts to escape the effect of these cases are unavailing. He proposes to distinguish *Barasa* on the ground that the defendant there had entered a guilty plea including a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754), which permitted the court to consider the facts underlying certain dismissed charges. We are relying on the case, however, only for its allocation of the burden of proof on the question of Proposition 36 eligibility. Defendant does not appear to take issue with the rule of law announced by the case on that subject. The factual distinction he points to has no apparent bearing on the applicability of that rule.

Defendant acknowledges that the facts in *Glasper* are "somewhat more similar to this case." Parsing them closely, however, he concludes that they might have been interpreted in a way that reconciled the court's finding that the drugs were being transported for sale with the jury's supposed finding that they were not possessed for sale. We question the logical coherence of this highly creative effort but we need not analyze it in detail because there is no suggestion that the court there engaged in any such microscopic analysis of the record. Again, we rely on the case for the rule it adopted, not its application of that rule to the particular facts before it. The rule is that a defendant

---

[1] The two referenced decisions were cited in all of the above cases in support of arguments that a decision to withhold diversion under Proposition 36 implicates the federal right to trial by jury, so as to require that a jury find any disqualifying fact beyond a reasonable doubt—something the juries had refused to do in *Glasper* and *Dove*, as the jury did here. (See *Dove, supra*, 124 Cal.App.4th at pp. 8-9, discussing *In re Varnell* (2003) 30 Cal.4th 1132 [rejecting argument in similar context that federal jury right is implicated].) Defendant raises no such argument here.

seeking Proposition 36 diversion bears the burden of establishing by a preponderance of evidence the existence of facts warranting such diversion. The prosecution's failure to carry its considerably heavier burden on an underlying charge does not preclude, logically or legally, a finding by the trial court that the defendant has failed to carry the burden imposed on him by these cases.

Indeed, despite his early references to a jury "finding" that he did not possess methamphetamine for sale, defendant ultimately acknowledges the true nature of the defense argument and the jury's adoption of that argument: "Appellant . . . presented a defense that he was a former cocaine addict who had relapsed and that the 24 rocks *could have* been possessed for personal use. In acquitting appellant of possession for sale, the jury must have concluded that appellant's defense was correct, or that there was a *reasonable possibility* that it was correct, despite the amount of cocaine possessed." (Italics added.) To establish an entitlement to diversion, it was not enough that defendant show he "could have" possessed 24 rocks for personal use or that this was a "reasonable possibility." He had to show by a preponderance of the evidence that he in fact possessed the rocks for personal use. He failed to persuade the trial court of that proposition, and therefore the only way to obtain reversal would be to show that possession for personal use was established as a matter of law. Defendant has not attempted such a showing and it does not appear that the present record would afford any basis to do so.

### DISPOSITION

The judgment is affirmed.

7

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.