Filed 6/24/15  P. v. Montano CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARC MONTANO,<br><br>    Defendant and Appellant. | B252536<br><br>(Los Angeles County<br>Super. Ct. No. BA388602) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed as modified.

Suzann Ellen Papagoda, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., Michael R. Johnsen and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Marc Montano raises contentions of sentencing error and a discovery violation following his conviction of possession of a controlled substance, with prior serious felony conviction findings.

For the reasons discussed below, the judgment is affirmed as modified.

## BACKGROUND

Viewed in accordance with the usual rules of appellate review (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206), the evidence established the following.

On September 2, 2011, at 9:45 p.m., Los Angeles Police Officers John Bain and Arthur Castro were on patrol near Hermon Park, an area known for narcotics trafficking. From about 100 yards away, and using high-powered binoculars, the officers observed defendant Montano standing with some other people near the park benches. A few minutes later, Montano got into the driver's seat of a truck that was parked close to the benches. Joaquin Gonzalez got into the passenger seat. As Montano began driving away, the officers drove into the park. From 20 or 30 feet away, they saw Montano turn his back slightly and lift the truck's center console compartment. Montano made some movements with his right hand and then closed the console. Gonzalez also made some furtive movements near the console.

The officers detained the two men and had them get out of the truck. Bain searched under and behind the driver's seat, and then noticed that the center console was not completely closed. Inside the console, Bain found a box of sandwich bags under the console's removable tray. Inside the box were six clear plastic bags containing a crystalline substance. Also inside the center console was a digital scale. No glass pipes or syringes were found in the truck or in either man's possession. Montano had $7 on him. No customer lists or business records were found. The crystalline substance proved to consist of 24.6 grams of methamphetamine.

Bain opined Montano possessed the methamphetamine for sale given the amount recovered. An ounce of methamphetamine, which was 28 grams, cost about $1,200. Most users did not purchase or walk around with an ounce at a time due to lack of money and fear that someone would steal it. Also, the methamphetamine had been divided into

2

smaller portions, known as eight balls. Montano's possession of this large quantity of drugs and so little money indicated he had not yet made any sales that day.

The prosecution charged Montano with possession for sale of a controlled substance (Health & Saf. Code, § 11378). He was acquitted of that charge, but convicted of the lesser included offense of simple possession of a controlled substance, with prior serious felony conviction enhancement findings (Health & Saf. Code, § 11377; Penal Code, § 667, subds. (b)-(i)).[1] The trial court struck one of the prior serious felony conviction findings, but found Montano was not suitable for Proposition 36 sentencing and placed him on formal probation for three years.

## CONTENTIONS

Montano contends: (1) the trial court erred by refusing to sentence him under Proposition 36; (2) the trial court imposed an unconstitutional probation condition; and (3) there was *Pitchess*[2] error.

## DISCUSSION

1. *Trial court properly denied Proposition 36 sentencing.*

Montano contends his rights to due process and a jury trial were violated because the trial court refused to sentence him under Proposition 36 based on its own finding that he did not possess the methamphetamine for personal use. There is no merit to this claim.

a. *Legal principles.*

"On November 7, 2000, . . . California voters passed Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. Proposition 36 amended state law to require that certain adult drug offenders receive probation, conditioned on participation in and completion of an appropriate drug treatment program, instead of receiving a prison term or probation without drug treatment. (Pen. Code, § 1210.1.) [¶] Under new Penal Code section 1210.1, subdivision (a), a defendant convicted of a nonviolent drug possession

---

[1]   All further statutory references are to the Penal Code unless otherwise specified.

[2]   *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

3

offense 'shall' receive probation, provided the defendant is not rendered ineligible under subdivision (b). A court may not impose incarceration as an additional condition of probation for defendants eligible under the statute. (Pen. Code, § 1210.1, subd. (a).)" (*People v. Floyd* (2003) 31 Cal.4th 179, 183).

"Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses. In effect, it acts as an exception to the punishment specified in an individual narcotics offense." (*In re Varnell* (2003) 30 Cal.4th 1132, 1136.) If a defendant is sentenced under the scheme and successfully completes both a drug treatment program and the terms of probation, "the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant. In addition [with certain exceptions], both the arrest and the conviction shall be deemed never to have occurred." (§ 1210.1, subd. (e)(1).)

Section 1210, subdivision (a), provides: "The term 'nonviolent drug possession offense' means the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance . . . . The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance . . . ."

In *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*), the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id*. at p. 490.) The high court in "*Apprendi* observed that the Sixth Amendment right to trial by jury, and the Fourteenth Amendment right to due process of law in criminal matters, 'constitutional protections of surpassing importance' [citation], together 'indisputably entitle a criminal defendant to "a jury determination that [he or she] is guilty of every element of the crime with which he [or she] is charged, beyond a reasonable doubt." ' [Citation.] The court further found that the Sixth Amendment jury trial right applied equally to any enhancements to the crime used to impose additional punishment. [Citation.]" (*People v. Mosley* (2015) 60 Cal.4th 1044, 1055-1056.)

4

b. *Background.*

Following his conviction, Montano filed a sentencing memorandum requesting Proposition 36 probation under section 1210.1. Montano further asked the trial court to reduce his conviction to a misdemeanor and strike his remaining prior serious felony conviction finding. At the sentencing hearing, the trial court found Montano was not eligible for Proposition 36 probation: "I [find] by preponderance of the evidence, that the drugs involved were not possessed for personal use pursuant to the case law; therefore, making Mr. Montano ineligible for probation . . . [under] Prop 36." The trial court added: "[S]pecifically I will point to the amount of the drugs, 24.6 grams, but more significantly, the drugs were in six separate bags, and there was a digital scale in the central console, and it was 10:00 p.m. at night in an area known by the police for narcotics activity. And the officer testified that in his opinion, methamphetamine was possessed for sale. And also, his testimony that there was no indicia of personal use at the scene."

c. *Discussion.*

Montano contends the trial court violated his due process rights under *Apprendi* because, after the jury concluded there was insufficient evidence to prove beyond a reasonable doubt that the drugs had been possessed for sale, the court itself could not find by a preponderance of the evidence that the drugs were possessed for sale.

Montano acknowledges the case law holding that the rule of *Apprendi* does not apply in the case of ameliorative statutes that can only *decrease* a defendant's sentence. (See *People v. Dove* (2004) 124 Cal.App.4th 1, 4 ["a factual finding that a defendant did not possess or transport a controlled substance for personal use, for purposes of Proposition 36 sentencing, can be made by the trial court under a preponderance of the evidence standard"]; *People v. Glasper* (2003) 113 Cal.App.4th 1104, 1115 [*Apprendi* does not apply to determination whether, under section 1210.1, defendant must be granted probation as conviction was for non-violent drug possession offense, because statute can only reduce defendant's sentence, not *increase* it]; *People v. Barasa* (2002)

5

103 Cal.App.4th 287, 294 [because section 1210.1 "effects a sentencing *reduction*" the rule of *Apprendi* does not apply].)

As we said in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1304-1305, regarding the ameliorative resentencing provisions of the Three Strikes Reform Act of 2012 (§ 1170.126): "The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness,[3] do not implicate Sixth Amendment issues."

Montano argues, however, that these cases are no longer good law in the aftermath of *Alleyne v. United States* (2013) 133 S.Ct. 2151 [186 L.Ed.2d 314] (*Alleyne*), which held that *Apprendi* applies to both increases in statutory maximum sentences as well as to increases in mandatory minimum sentences. *Alleyne* held: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. [Citations.] Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." (*Id*. at p. 2155.)

But *Alleyne* was construing a criminal statute, 18 U.S.C. § 924(c)(1)(A), which proscribes "using or carrying a firearm in relation to a crime of violence . . . . Section 924(c)(1)(A) provides, in relevant part, that anyone who 'uses or carries a firearm' in relation to a 'crime of violence' shall: [¶] (i) be sentenced to a term of imprisonment of not less than 5 years; [¶] (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and [¶] (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." (*Alleyne*, *supra*, 133 S.Ct. at pp. 2155-2156.) The jury found Alleyne had used or carried a firearm during

---

[3]     The "dangerousness" finding under section 1170.126, subdivision (f), is a factor that disqualifies a defendant for ameliorative treatment in the same way that the "possession for sale" finding disqualified Montano from ameliorative treatment under section 1210.1.

a crime of violence, but did not reach any finding as to whether the firearm had been brandished. Alleyne claimed on appeal that, given these circumstances, "raising his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm would violate his Sixth Amendment right to a jury trial." (*Id*. at p. 2156.)

*Alleyne* does not undermine the case law establishing that *Apprendi* is inapplicable to a Proposition 36 ineligibility determination because section 1210.1 does not establish a mandatory minimum term. It is, rather, an alternative sentencing scheme that only offers the possibility of an alternative *lesser* term to qualifying defendants. Cases construing the similarly-structured Three Strikes Reform Act of 2012 (§ 1170.126) have reached the same conclusion. (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 663 [*Alleyne* does not aid defendant because "denial of a [Three Strikes recall petition sentence under § 1170.126(f)] does not increase the mandatory minimum sentence for a defendant's crime"]; see also *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 [noting *Alleyne*, but holding: "Because a determination of eligibility under section 1170.126 does not implicate the [right to jury trial aspect of the] Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence."].)

Montano is simply incorrect in his assumption that he was entitled to a jury trial to determine if the drugs found in his possession were for personal use for purposes of determining Proposition 36 eligibility. The trial court did not err by finding him ineligible for the special probation terms offered by Proposition 36.

2. *An unconstitutional probation condition must be modified*.

Montano contends, and the Attorney General properly concedes, that one of his probation conditions must be modified in order to avoid unconstitutional vagueness.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K*. (2007) 40 Cal.4th 875, 890.) "The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process

7

clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' [Citation.] The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]" (*Ibid*.)

*Sheena K.* held a probation condition forbidding the minor's association with "anyone disapproved of by probation" was unconstitutional unless modified to include an explicit knowledge requirement. The Court of Appeal did so by "inserting the qualification that defendant have *knowledge* of who was disapproved of by her probation officer." (*Id*. at p. 892, italics added; see also *People v. Garcia* (1993) 19 Cal.App.4th 97, 102 [probation condition requiring defendant to refrain from associating with users and sellers of narcotics was "not sufficiently narrowly drawn because it limits appellant's association with persons not known to him to be users and sellers of narcotics"].)

As one of Montano's probation conditions, the trial court ordered him to "stay away from places where [drug] users[,] buyers or sellers congregate." As the Attorney General properly concedes, this condition must be modified to read: "stay away from places where *he knows* [drug] users, buyers or sellers congregate." We will order modification of this probation condition.

3. *Review of in camera* Pitchess *hearing.*

Montano requests review of the trial court's ruling on his motion seeking discovery under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. Review of the in camera hearing by this court reveals no abuse of the trial court's discretion. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1232.) The hearing was properly conducted; the custodian of records described the records that were searched and the trial court described the nature of all the complaints against the officers.

8

## DISPOSITION

Montano's probation condition ordering him to "stay away from places where [drug] users[,] buyers or sellers congregate" is modified to read: "stay away from places where he knows drug users, buyers or sellers congregate." Except to the extent of this modification, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.