Filed 2/19/16

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

**(Sacramento)**

----

|  |  |
|---|---|
| THE PEOPLE, | C076512 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F00720, 13F07078) |
| v. | |
| TYREE HUDSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Kevin J. McCormick, Judge. Affirmed in part and dismissed in part.

Jonathan D. Roberts, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel N. Abrahamson for Clifford Gardner, Drug Policy Alliance, American Civil Liberties Union of Northern California, and California Attorneys for Criminal Justice as Amici Curiae on behalf of Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Paul A. Bernardino, Deputy Attorneys General, for Plaintiff and Respondent.

A jury acquitted defendant Tyree Hudson of possessing heroin, methamphetamine, and cocaine base for sale, finding him guilty instead of the lesser included offenses of simple possession of each. (Health & Saf. Code, §§ 11350, subd. (a)—count one; 11377, subd. (a)—count two; and 11350, subd. (a)—count three.) The trial court sustained a number of recidivist allegations. After finding by a preponderance of the evidence at sentencing that defendant possessed the contraband with the intent to sell, the court denied a grant of "drug probation" pursuant to Penal Code section 1210.1.[1] It then sentenced him to county jail for half his term and mandatory supervised probation for the other half.

Defendant maintains the trial court erred in determining that he is ineligible for drug probation based on its own finding at sentencing that he possessed the contraband for the purpose of sale.[2] Defendant alternately argues that any finding of ineligibility must be made by a jury beyond a reasonable doubt, and that in any event the evidence at trial did not support a finding of possession for sale. Finally, he asserts the abstract of judgment has an error in listing one conviction (count two) as possession of methamphetamine for sale. We shall affirm the judgment in case No. 13F07078 and direct the issuance of a corrected abstract of judgment.[3]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant represents in his brief that while this case was pending on appeal, the trial court resentenced him pursuant to his petition under section 1170.18 (which gives him the retroactive benefit of a Nov. 2014 initiative that reclassified his offenses as misdemeanors), and gave him credit for time served. While we do not need to reach the issue in the present case, we note for the benefit of the parties that we recently found such action void in *People v. Scarbrough* (2015) 240 Cal.App.4th 916. As a result, we will not find the failure to grant drug probation in the present appeal to be moot.

[3] Defendant's notice of appeal includes case No. 12F00720, in which he had entered a plea of guilty to forgery and been placed on probation; the trial court revoked probation and imposed a concurrent sentence with credit for time served. However, defendant does not present any argument in connection with this case, so we deem the appeal abandoned

2

There are only a few additional pertinent points, so we omit a separate statement of facts. Defendant drew an officer's attention after behaving oddly in response to the officer's presence. Defendant ultimately dropped a baggie and kicked it under a car. The officer arrested him and retrieved the baggie, which contained 23 bindles of heroin (totaling about 5.5 grams), two or three bindles of methamphetamine, and seven bindles of cocaine base (both substances amounting to about 0.07 grams each). A detective offered the opinion at trial that defendant possessed the contraband for sale, given the amounts, packaging, and the multiplicity of drugs. A defense expert offered a contrary opinion, not finding any of those circumstances unusual for personal use.

## DISCUSSION

### I. Eligibility for Drug Probation

Enacted pursuant to a 2000 initiative, section 1210.1 mandates the grant of drug probation—probation conditioned on participation in a drug treatment program—for an otherwise eligible defendant with a conviction for a "nonviolent drug possession." (§ 1210.1, subd. (a); see *id.*, subd. (b) [listing several disqualifying criteria].) Section 1210, added at the same time, originally defined nonviolent drug possession as "possession, use, or transportation for personal use"; it excluded the possession for sale or manufacture of any controlled substances. (Voter Information Guide, Gen. Elec. (Nov. 7, 2000) text of Prop. 36, § 4, p. 66.)[4] A trial court thus does not have discretion to

---

as to case No. 12F00720 and dismiss it. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544.)

[4] In 2003, the Legislature (by unanimous vote) amended the definition of "nonviolent drug possession" to the present language: "personal use, possession for personal use, or transportation for personal use." (Stats. 2003, ch. 155, § 1, p. 980.) The Legislature was concerned that the original language was ambiguous as to whether the qualification of "personal use" applied only to transportation, i.e., prosecutors were applying the " 'last antecedent rule' " (*People v. Le* (2006) 137 Cal.App.4th 54, 62) rather than the distributive rule of *reddendo singula singulis* (*Sargent v. Shumaker* (1924) 193 Cal. 122,

3

impose any other sentence on an eligible defendant. (*People v. Harris* (2009) 171 Cal.App.4th 1488, 1496 (*Harris*); *People v. Esparza* (2003) 107 Cal.App.4th 691, 699.)

*People v. Rogers* (1971) 5 Cal.3d 129 had interpreted the predecessor of Health and Safety Code section 11352 as embracing transportation (and other actions) of controlled substances for *any* purpose, even personal use. (*Rogers*, at pp. 134-135.)[5] Because Penal Code section 1210.1 applies only to transportation for personal use (which is not a separately defined offense), courts have determined that—absent a specific jury *finding* of personal use, as opposed to an acquittal or failure to sustain an allegation—a defendant convicted of transportation has the burden at sentencing of persuading the sentencing court that the transportation conduct involved only personal use in order to establish eligibility under section 1210.1. (*Harris*, *supra*, 171 Cal.App.4th at pp. 1491, 1497-1498 [court cannot disregard express jury finding of personal use]; *People v. Dove*

---

127-128 [" ' "referring each phrase or expression to its appropriate object" ' "]). (Sen. Com. on Public Safety, Apr. 29, 2003 Rep. on Sen. Bill No. 762 (2003-2004 Reg. Sess.) as amended Apr. 21, 2003, p. H.) It feared as a result that one who possessed a controlled substance for purposes of committing sexual assault rather than sale could seek the benefit of section 1210.1. (Sen. Com. on Public Safety, *supra*, at p. H.) It thus sought to make a "largely grammatical change" in section 1210, which it found to be "consistent with the underlying rationale" of the initiative. (Assem. Com. on Public Safety, July 1, 2003 Rep. on Sen. Bill No. 762 (2003-2004 Reg. Sess.) as amended May 6, 2003, p. 4.) The voter materials confirm the accuracy of this clarification. In rebuttal to an opposition argument that " 'date rape' " offenders would qualify for probation, the proponents asserted, "They try to scare you by saying sex offenders with 'date rape' drugs benefit from this initiative. Not true. Only drug possession 'for personal use' qualifies; using drugs to enable rape is not 'personal use.' " (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 36, p. 27; see *People v. Glasper* (2003) 113 Cal.App.4th 1104, 1114 (*Glasper*) [initiative intended to include only possession for personal use].)

[5] The Legislature abrogated this holding in 2013, adding a subdivision (c) to the statute (Health & Saf. Code, § 11352) that specifically defines "transport[ation]" as being limited to transportation for sale. (Stats. 2013, ch. 504, § 1.)

(2004) 124 Cal.App.4th 1, 11 (*Dove*); *Glasper*, *supra*, 113 Cal.App.4th at pp. 1115-1116; *People v. Barasa* (2002) 103 Cal.App.4th 287, 296; cf. *United States v. Watts* (1997) 519 U.S. 148, 157 [136 L.Ed.2d 554]; *People v. Towne* (2008) 44 Cal.4th 63, 83, 85-86 [both cases holding that sentence can be based on facts underlying acquittal]; *People v. McCoy* (2012) 208 Cal.App.4th 1333, 1340 [can make any factual findings for § 654 not contrary to an express jury finding].)  This fact does *not* need to be the subject of a jury finding proven beyond a reasonable doubt, because it involves eligibility for a mitigated sentence, not an increase in punishment.[6]  (*Dove*, *supra*, 124 Cal.App.4th at pp. 4, 8-11; *Glasper*, *supra*, 113 Cal.App.4th at pp. 1114-1115; *Barasa*, *supra*, 103 Cal.App.4th at pp. 294-295; cf. *People v. Elder* (2014) 227 Cal.App.4th 1308, 1315 [same rule; jury not required to determine eligibility for resentencing under § 1170.126].)

In dictum, *Dove* (citing *Barasa*) suggested the same rule applies to a defendant convicted of simple possession.  (*Dove*, *supra*, 124 Cal.App.4th at p. 10.)  The present trial court justified its action pursuant to *Harris* and *Dove* (as well as an unpublished federal trial court opinion on a habeas petition, approving analysis to this effect in an unpublished decision of this court that involved convictions for possession and for transportation).

As we understand defendant's argument, the distinction between the authority on the one hand approving a sentencing court's factfinding with respect to personal use in the context of transportation and the suggestion on the other hand of the same function in the context of simple possession lies in the former's *expansion* of eligibility under section 1210.1 for drug probation and the latter's *restriction* on eligibility.  However, in *either* instance, factfinding at sentencing as to whether a defendant's offense involved only the

---

**6** Defendant's contention to the contrary, raised in supplemental briefing, completely ignores this authority.  We therefore reject it as meritless.

personal use of a controlled substance is consistent with the statutory purpose. To the extent the Legislature identified plausible ambiguity in the manner in which prosecutors were interpreting the plain language of the initiative, we properly resort to the expressed intent in the ballot materials (*People v. McRoberts* (2009) 178 Cal.App.4th 1249, 1255), which as noted in footnote 4, *ante*, embraced only *possession for personal use* within the ambit of section 1210.1 and specifically abjured any inclusion of possession for purposes of committing sexual assault.[7] Thus, as with the *Rogers*-glossed transportation statute, eligibility for drug probation is limited to a category of defendants that does not comprise a separately defined crime: the elements of the offense focus only on possession, not any non-sale illicit use to which a defendant intended to put the controlled substance other than personal use (be it date rape or otherwise). As a result, the rule of *Barasa* formerly applied in transportation convictions is properly extended by analogy to convictions for simple possession, as *Dove* suggested.

Here, the jury acquitted defendant of possession for sale and convicted him of simple possession of heroin, methamphetamine, and cocaine in violation of Health and Safety Code sections 11350, subdivision (a) (counts one and three) and 11377, subdivision (a) (count two). Those statutes provide that every person who possesses a designated controlled substance shall be punished, but they do not specify that the possession must be for personal use. Arguably, a defendant could be convicted under those statutes for possessing a controlled substance even when the purpose of the possession was for a reason other than personal use, such as to administer the controlled substance to a victim.

---

[7] We gave leave to several amici curiae to file a joint brief. They assert at length that the electorate had intended all convictions for simple possession to be eligible under section 1210.1. In light of the indicia of intent we have identified, we do not find their argument to be persuasive.

As noted, section 1210.1 provides that a defendant may be eligible for drug treatment probation if he or she is convicted of a "nonviolent drug possession offense," (§ 1210.1, subd. (a)), which the statute defines as involving personal use. Among other things, defendants are not eligible for drug treatment probation if they possessed the controlled substance for a use other than personal use, such as for sale, for manufacture, or for use against a victim.

In this case, the jury did not make a finding that defendant possessed the heroin, methamphetamine, and cocaine for personal use. It simply found that he possessed heroin, methamphetamine, and cocaine. Under the circumstances, it was necessary for the trial court to determine at sentencing whether defendant was eligible for section 1210.1 drug treatment probation, including making a finding as to whether defendant possessed the controlled substances for personal use. In considering eligibility for drug probation (which is mandatory for those eligible), the trial court found by a preponderance of the evidence that defendant possessed the controlled substances for a purpose other than personal use (sale), a finding supported by substantial evidence (as we note below). Because such a finding merely determined eligibility for a mitigated sentence and did not impose an increase in punishment, the trial court was authorized as a result to make that finding and sentence defendant to prison rather than grant drug probation.

Defendant contends the evidence would support a finding that he possessed the controlled substances for personal use. However, the evidence would also support the trial court's finding to the contrary. It is a fundamental principle of appellate review of the sufficiency of the evidence that resolution of equally plausible conflicting inferences from undisputed evidence is for the trier of fact, not the Court of Appeal. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 376, p. 434; *CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1119.) The prosecution expert offered plausible

7

reasons for inferring from the circumstances that defendant possessed the controlled substances for sale.  We are constrained from countermanding the trial court's reliance on this evidence.

Here, in summary, the trial court made a finding, supported by substantial evidence, that defendant did not possess the controlled substances for personal use and thus was not eligible for drug treatment probation.  The trial court did not err in making this determination.

## II.  Corrections to the Abstract of Judgment

As defendant notes, the abstract of judgment incorrectly describes count two as a conviction for possession of "meth 4 sale" (Health & Saf. Code, § 11378) rather than simple possession (*id*., § 11377, subd. (a)).  Although the parties do not mention it, the abstract also incorrectly describes count three as a conviction for possession of heroin rather than cocaine base.  We will direct the trial court to prepare a corrected abstract of judgment correcting these errors.

## DISPOSITION

The appeal in case No. 12F00720 is dismissed.  The appeal in case No. 13F07078 is affirmed.  The trial court shall prepare a corrected abstract of judgment properly describing the nature of counts two and three and forward a certified copy to the Department of Corrections and Rehabilitation.

BUTZ            , J.

We concur:


        NICHOLSON      , Acting P. J.


        MAURO          , J.

8