[No. C044648. Third Dist. Mar. 29, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE BENITEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II and IV of the Discussion.

COUNSEL

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Ray Brosterhous and Jesse N. Witt, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

DAVIS, J.—A jury convicted defendant Jose Benitez of 30 counts of molesting the two children of his brother's girlfriend. It also sustained the allegation that the offenses involved more than one victim. Based on these findings, the trial court sentenced the defendant to state prison for two consecutive indeterminate life terms for at least 30 years, with concurrent terms for all the remaining convictions.[1]

On appeal, the defendant contends the prosecutor committed misconduct, and the trial court erred when it failed to instruct the jury to consider the past criminal conduct of a witness, allowed his trial to proceed in his absence after he failed to appear on the final day of trial, and violated his constitutional right to have a jury determine every necessary fact. In the published portion of our opinion we reject this last contention by holding that the proviso in Penal Code section 667.61, subdivision (c)(7) (that a defendant is unqualified for probation), is not an element of the enhancement to be negated upon proof to a jury. We shall affirm.

The defendant's arguments do not require us to summarize the entirety of the testimony at trial. To the extent necessary for context, we will incorporate facts in the Discussion.

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] Both parties assert that the court also imposed a consecutive six-year determinate term. This is not correct. The reporter's transcript clearly quotes the court stating that, "For Counts Two through Ten, the Court will impose the mid term . . . to run concurrent with each other and with the first count. [¶] For Counts 12 through 30, the defendant will be sentenced to the mid term . . . concurrent with each other and concurrent with Count 11 . . . . [¶] So that the aggregate state prison sentence is 30 years to life." The misapprehension may stem from unclear notations on the first pages of the two abstracts of judgment for the determinate sentence, which do not describe the term on count two as concurrent. However, the final pages indicate that the determinate sentence is "to run c/c with indeterminate."

*See footnote, *ante*, page 1274.

*III*

As noted above, after returning 30 verdicts that found the defendant guilty of committing nondescript lewd and lascivious acts upon two victims under the age of 14 (Pen. Code, § 288, subd. (a); subsequent undesignated section references are to this code), the jury returned the self-evident finding that these violations involved two or more victims "within the meaning of . . . Section 667.61(e)(5)." Under section 667.61 (the internal cross-references in which render it a veritable hall of mirrors), a defendant convicted of any offense in subdivision (c) under one circumstance contained in subdivision (e) is subject to an indeterminate life term of at least 15 years. (§ 667.61, subd. (b).) Among the qualifying offenses (*id.*, subd. (c)(7)) is section 288, subdivision (a), unless the defendant is eligible for probation (§ 1203.066, subd. (c)). Among the circumstances that qualify the offense for an enhanced sentence under section 667.61 is committing a "subdivision (c)" offense against more than one victim. (§ 667.61, subd. (e)(5).)

Under *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531], any fact other than "recidivism" that increases the punishment for an offense beyond the "statutory maximum" (the maximum a trial court may impose on facts necessarily reflected in the jury verdict for the offense) must be the subject of a jury finding. (*Id.* at pp. 303 [159 L.Ed.2d at pp. 413–414].) Here, pursuant to the pleading and proof provision of section 667.61, subdivision (i), the jury expressly found the defendant guilty of an offense within the meaning of subdivision (e)(5), which in turn incorporates any offense in subdivision (c) committed against multiple victims.[4] The jury,

---

[4] Section 667.61 provides, in relevant part, as follows:

"(b) Except as provided in subdivision (a) [circumstances not applicable here], a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j).

"(c) This section shall apply to any of the following offenses:

"(1) A violation of paragraph (2) of subdivision (a) of Section 261.

"(2) A violation of paragraph (1) of subdivision (a) of Section 262.

"(3) A violation of Section 264.1.

"(4) A violation of subdivision (b) of Section 288.

"(5) A violation of subdivision (a) of Section 289.

"(6) Sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.

"(7) A violation of subdivision (a) of Section 288 [of which the defendant was convicted, as noted *ante*] unless the defendant qualifies for probation under subdivision (c) of Section 1203.066. [¶] . . . [¶]

"(e) The following circumstances shall apply to the offenses specified in subdivision (c): [¶] . . . [¶] (5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim [also present here]. [¶] . . . [¶]

of course, had already found the defendant guilty of section 288, subdivision (a). What the defendant faults is the lack of an explicit jury finding that he was ineligible for probation.

■ Contrary to defendant's contention, we find that the proviso in Penal Code section 667.61, subdivision (c)(7) (that a defendant is unqualified for probation) is not an element of the enhancement to be negated upon proof to a jury. Rather, it is a legislative grant of authority to the trial court to entertain a request for probation (should a defendant satisfy the criteria in section 1203.066, subd. (c)) despite eligibility otherwise for sentencing under section 667.61. Unlike the defendant, we do not find that this interpretation would render the proviso redundant. Subdivision (h) of section 667.61 concerns the *prohibition* of a grant of probation to persons committing the offenses in the *other six paragraphs* of subdivision (c) (§ 667.61, subd. (c)(1)–(6), which is an apparent effort to dispel any ambiguity resulting from the lack of any express reference to the subject of probation in those paragraphs. Thus, section 667.61, subdivision (c)(7)'s proviso and subdivision (h) do not address the same issue.

■ Finding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court. (*People v. Superior Court (Kirby)* (2003) 114 Cal.App.4th 102, 105–106 [7 Cal.Rptr.3d 440].) Because a defendant's eligibility for probation results in a *reduction* rather than an increase in the sentence prescribed for his offenses, it is not subject to the rule of *Blakely*. (Cf. *People v. Barasa* (2002) 103 Cal.App.4th 287, 293, 294–295 [126 Cal.Rptr.2d 628] [eligibility for diversion]; *People v. Cleveland* (2001) 87 Cal.App.4th 263, 270–271 [104 Cal.Rptr.2d 641] [section 654].) As a result, the enhancement of his molestation convictions did not offend his constitutional rights.

---

"(h) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is subject to punishment under this section for any offense specified in paragraphs (1) to (6), inclusive . . . .

"(i) For the penalties provided in this section to apply, the existence of any fact required under subdivision (d) [not applicable here] or (e) shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

Section 1203.066 provides, in relevant part:

"(a) Notwithstanding Section 1203 or any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for, any of the following persons: [¶] . . . [¶] (7) A person who is convicted of committing a violation of Section 288 or 288.5 against more than one victim."

## IV*

### DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Hull, J., concurred.

A petition for rehearing was denied April 15, 2005, and appellant's petition for review by the Supreme Court was denied July 20, 2005. George, C. J., and Baxter, J., did not participate therein.

---

*See footnote, *ante*, page 1274.