Filed 7/22/14  P. v. Molina CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B248873 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA032071) |
| v. | |
| HECTOR FRANCISCO MOLINA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Hector Francisco Molina contends that the trial court deprived him of his Sixth Amendment right to a jury trial on his eligibility for probation before the court sentenced him to indeterminate life terms under former Penal Code section 667.61.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Molina on four counts of committing lewd acts upon a child in violation of section 288, subdivision (a). In counts 1, 2, and 3, the jury found Molina guilty of sexually molesting his five-year-old granddaughter on three separate occasions in 2004 and 2005. In count 4, the jury found Molina guilty of sexually molesting a three-year-old guest in his home in 2011. The jury found true the multiple victim circumstance allegation as to each count. (§ 667.61, subd. (e).)

Pursuant to section 667.61, the "one strike" law, the trial court denied Molina probation and sentenced him to an aggregate state prison term of 40 years to life, consisting of a term of 25 years to life on count 4, a consecutive term of 15 years to life on count 1, and concurrent terms of 15 years to life on counts 2 and 3. Molina timely appealed.

## DISCUSSION

Molina argues that his indeterminate sentences on counts 1, 2, and 3 under former section 667.61 must be reversed because the trial court imposed these sentences without jury findings beyond a reasonable doubt regarding whether he was eligible for probation

---

[1] Statutory references are to the Penal Code. References to former section 667.61 in this opinion are to the statute as it existed in 2004 and 2005, when Molina committed the offenses charged in counts 1, 2, and 3.

under former section 1203.066.[2] Molina argues that these sentences are unconstitutional because of a violation of his Sixth Amendment right to a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435] and its progeny, such as *Alleyne v. United States* (2013) ___ U.S. ___ [133 S.Ct. 2151, 186 L.Ed.2d 314] and *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531, 159 L.Ed.2d 403].

Section 667.61 "sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes . . . ." (*People v. Mancebo* (2002) 27 Cal.4th 735, 741; *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 211.) The statute provides, among other things, for mandatory sentences of 15 years to life sentences for defendants convicted of one of the sex offenses enumerated in section 667.61, subdivision (c), and under one of the circumstances listed in section 667.61, subdivision (e).[3] (Former § 667.61, subd. (b); see

---

[2]    Molina does not challenge his sentence on count 4.

[3]    Former section 667.61 provided, in relevant part:
"(a)  A person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 25 years except as provided in subdivision (j).
"(b)  Except as provided in subdivision (a), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j).
"(c)  This section shall apply to any of the following offenses:  [¶] . . . [¶]  (7) A violation of subdivision (a) of Section 288, unless the defendant qualifies for probation under subdivision (c) of Section 1203.066.  [¶] . . . [¶]
"(e)  The following circumstances shall apply to the offenses specified in subdivision (c):  [¶] . . . [¶]  (5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim.  [¶] . . . [¶]
"(h)  Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is subject to punishment under this section for any offense specified in paragraphs (1) to (6), inclusive, of subdivision (c)."
The Legislature has amended section 667.61 to delete the provision allowing probation if the court makes these findings under section 1203.066.

3

*People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1261 ["section 667.61—otherwise known as the one strike law[—] . . . provides for indeterminate terms of either 15 years to life or 25 years to life for section 288, subdivision (a) and certain other sex offense *if* certain circumstances apply, regardless of whether the defendant has prior convictions"]; *People v. Palmer* (2001) 86 Cal.App.4th 440, 443 ["California's 'One Strike' law requires a sentence of 15 years to life for a person convicted of certain enumerated sexual offenses under particular aggravating circumstances"].) "Conviction of an enumerated offense alone does not trigger the One Strike law. The People also must plead and prove at least one aggravating circumstance specified in section 667.61, subdivision (d) or (e)." (*People v. Wutzke* (2002) 28 Cal.4th 923, 930.)

The jury found Molina guilty of committing lewd acts on children (§ 288, subd. (a)), a sex offense listed in section 667.61, subdivision (c), against multiple victims, a qualifying circumstance listed in section 667.61, subdivision (e). (Former § 667.61, subd. (e)(5), now § 667.61, subd. (e)(4).) Under the applicable version of the statute, Molina's violations of section 288, subdivision (a), subjected him to an indeterminate life term, "unless [he] qualifie[d] for probation under subdivision (c) of Section 1203.066." (Former § 667.61, subd. (c)(7).) Former section 1203.066, subdivision (c), provided the possibility of an exemption from probation ineligibility for violations of section 288, subdivision (a), where the court makes a series of findings regarding the defendant's relationship to the victim, the victim's best interests, and the possibility of the defendant's rehabilitation. (Former § 1203.066, subds. (a)(7) & (c).)[4] Nevertheless,

---

[4] Former section 1203.066 provided, in relevant part:
"(a) Notwithstanding Section 1203 or any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for, any of the following persons: [¶] . . . [¶] (7) A person who is convicted of committing a violation of Section 288 or 288.5 against more than one victim. [¶] . . . [¶]
"(c) Paragraphs (7), (8), and (9) of subdivision (a) shall not apply when the court makes all of the following findings:

4

"probation is not required where favorable findings under section 1203.066[, subdivision] (c) are made. The sentencing court 'retains the discretion' to find the defendant unsuitable for probation and to order imprisonment." (*People v Wutzke*, *supra*, 28 Cal.4th at p. 932, fn. 7, quoting from § 1203.066, subd. (c)(5).)

In *Apprendi v. New Jersey*, *supra*, 530 U.S. 466, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Id.* at p. 490; see *Blakely v. Washington, supra*, 542 U.S. at pp. 303, 304 [because the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*," a judgment may not "inflict[] punishment that the jury's verdict alone does not allow"]; *People v. Chism* (2014) 58 Cal.4th 1266, 1335.)

In *Alleyne v. United States*, *supra*, ___ U.S. ___ [133 S.Ct. 2151], the United States Supreme Court extended "the logic of *Apprendi*" to mandatory minimum sentences. (*Id.* at pp. ___, ___ [133 S.Ct. at pp. 2157, 2160].) The Supreme Court, overruling *Harris v. United States* (2002) 536 U.S. 545 [122 S.Ct. 2406, 153 L.Ed.2d 524], held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." (*Alleyne*, *supra*, at p. ___ [133 S.Ct. at p. 2155.) Thus, any

---

"(1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the victim's household.

"(2) A grant of probation to the defendant is in the best interest of the child.

"(3) Rehabilitation of the defendant is feasible . . . .

"(4) The defendant is removed from the household of the victim until the court determines that the best interests of the victim would be served by returning the defendant to the household of the victim. . . .

"(5) There is no threat of physical harm to the child victim if probation is granted. The court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to do so. The court shall state its reasons on the record for whatever sentence it imposes on the defendant."

References in this opinion to former section 1203.066 are to the statute as it existed in 2004 and 2005.

fact (other than a prior conviction) that increases the penalty beyond a statutory maximum or that increases a statutorily prescribed minimum penalty must be proved to a jury beyond a reasonable doubt. (See *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1060; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039.) The Supreme Court cautioned, however, that its decision "does not mean that any fact that influences judicial discretion must be found by a jury," and that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." (*Alleyne v. United States*, *supra*, at p. ___ [133 S.Ct. at p. 2163].)

Molina argues that in this case "the jury made no findings as to [his] probation-eligibility before the court sentenced him to indeterminate 15 year to life sentences on counts" 1, 2, and 3, and that "[t]his omission was federal constitutional error under *Apprendi* . . . and its progeny." Molina argues that *Apprendi* applies because, "as a result of the court's apparent finding that [he] was not eligible for probation pursuant to . . . section 1203.033 [*sic*], subdivision (c), [he] went from punishment on counts [1, 2, and 3] with a determinate sentence to punishment under the alternate One Strike sentencing scheme, requiring a life sentence." According to Molina, "the statutory language of . . . section 667.67, subdivision (c)[(7)], . . . describes a class of offenses subject to [the] elevated One Strike penalties, requiring a jury finding as to a defendant's probation eligibility beyond a reasonable doubt before the life sentence can be imposed."

As Molina acknowledges, however, the court in *People v. Benitez* (2005) 127 Cal.App.4th 1274 rejected this very argument and held that "the proviso in . . . section 667.61, subdivision (c)(7) (that a defendant is unqualified for probation) is not an element of the enhancement to be negated upon proof to a jury. Rather, it is a legislative grant of authority to the trial court to entertain a request for probation (should a defendant satisfy the criteria in section 1203.066, subd. (c)) despite eligibility otherwise for sentencing under section 667.61." (*Id*., at p. 1278.) The court in *Benitez* further explained that "[f]inding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court. [Citation.] Because a defendant's eligibility for probation results in a *reduction* rather than an

increase in the sentence prescribed for his offenses, it is not subject to the rule of *Blakely* [*v. Washington, supra,* 542 U.S. 296].” (*Ibid.*; see *People v. Anderson* (2010) 50 Cal.4th 19, 32 [there is no right to probation; it is “‘an act of clemency and grace’”]; *People v. Mancebo*, *supra*, 27 Cal.4th at p. 754 [“probation is not punishment”; it is “a matter of privilege, not right”]; *People v. Holman* (2013) 214 Cal.App.4th 1438, 1474 [“[p]robation . . . is an act of clemency . . . , and ‘its primary purpose is rehabilitative in nature’”].)

We agree with *Benitez* that *Blakely* and *Apprendi* do not require a jury to make findings that may reduce the “statutory maximum” punishment by a grant of probation. (*People v. Benitez*, *supra*, 127 Cal.App.4th at p. 1278; see *Apprendi v. New Jersey*, *supra*, 542 U.S. at pp. 301-302.) A conviction under section 288, subdivision (a), combined with any of the circumstances specified in former section 667.61, subdivision (e), requires the court to impose an indeterminate sentence of 15 years to life. At the time Molina committed his offenses the exception applied when the court made findings on all five factors listed in former section 1203.066, subdivision (c), there was no other statutory proscription against probation, and the court exercised its discretion to grant probation rather than impose a prison sentence. *Apprendi* does not apply where, as here, the jury made all of the factual findings required for the imposition of the “statutory maximum” sentence for a violation of section 288, subdivision (a), and a qualifying multiple circumstance of former section 667.61, subdivision (e), here the multiple victim circumstance of section 667.61, subdivision (e)(5).

Similarly, where the jury has made the requisite findings under section 288, subdivision (a), and former section 667.61, subdivision (e), *Allyene* does not require that the jury must make the findings that may qualify the defendant for discretionary probation under former section 1203.066, subdivision (c). Failing to qualify for an exemption to probation ineligibility does not increase the mandatory minimum punishment for an offense because “‘[f]inding a defendant ineligible for probation is not a form of punishment . . . .’ [Citation.]” (*People v. Woodward* (2011) 196 Cal.App.4th 1143, 1152; see § 1203, subd. (a) [probation is the “suspension of the imposition or

7

execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer"].)  Moreover, obtaining an exemption from probation ineligibility under former section 1203.066, subdivision (c), depends on the court's exercise of discretion.  Thus, even if a jury were to make findings under former section 1203.066, subdivision (c), that the defendant was the victim's parent, probation was in the child's best interest, rehabilitation was feasible, and there was no threat of physical harm to the child victim if probation were granted, the court would still have the discretion to deny probation.  (See former § 1203.066, subd. (c)(5) ["court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to do so"].)  The Supreme Court in *Allyene* preserved such discretion when it took "care to note" that its decision did not eliminate "the broad discretion of judges" in sentencing matters. (*Alleyne v. United States*, *supra*, ___ U.S. at p. ___ [133 S.Ct. at p. 2163].)[5]

Molina argues that *Benitez* was "wrongly decided" because the court in that case misinterpreted former section 667.61.  At the time, subdivision (c) of former section 667.61 listed seven convictions that required imposition of a life sentence (assuming one of the qualifying circumstances applied).  (See *People v. Benitez*, *supra*, 127 Cal.App.4th at p. 1277, fn. 4.)  The first six, subdivisions (c)(1) through (c)(6) of former section 667.61, said nothing about probation, but the seventh, a violation of section 288, subdivision (a), contained the qualifying language, "unless the defendant qualifies for probation under subdivision (c) of Section 1203.066."  Subdivision (h) of former section 667.61 provided that "[p]robation shall not be granted to . . . any person who is subject to punishment under this section for any offense specified in paragraphs (1) to (6), inclusive . . . ."  (*People v. Benitez*, *supra*, at p. 1277, fn. 4.)  Molina argues that the

_____

[5]      Where, however, the fact that the defendant is on probation when he or she commits an offense increases the minimum sentence, *Allyene* may require that the prosecution prove the fact of the defendant's probation status to a jury.  (See *State v. Lizardi* (Ariz.Ct.App. 2014) 323 P.3d 1152, 1155-1156; *State v. Large* (Ariz.Ct.App. 2014) 321 P.3d 439, 443-445.)

*Benitez* court's interpretation of former section 667.61 is incorrect because it creates a redundancy: the reference to probation in subdivision (c)(7) is surplusage because subdivision (h) prohibits probation for subdivisions (c)(1) through (c)(6) convictions (and not subdivision (c)(7) convictions), so that "the subdivision (c)(7) language just restates what is already clear in subdivision (h)."

We agree with the *Benitez* court's rejection of this very argument too: "Unlike the defendant, we do not find that this interpretation would render the proviso redundant. Subdivision (h) of section 667.61 concerns the *prohibition* of a grant of probation to persons committing the offenses in the *other six paragraphs* of subdivision [(c)(1)-(6)], which is an apparent effort to dispel any ambiguity resulting from the lack of any express reference to the subject of probation in those paragraphs. Thus, section 667.61, subdivision (c)(7)'s proviso and subdivision (h) do not address the same issue." (*People v. Benitez*, *supra*, 127 Cal.App.4th at p. 1278.)

Molina also contends that former section 667.61, subdivision (c), "refers to classification of 'offenses' to which this 'section' shall 'apply.'" Molina argues that this language "indicates that the probation qualification for section 288[, subdivision] (a) offenses is meant to describe a *class of offenses/offenders*, not as a *surplusage* serial directive authorizing a grant of probation which is already authorized under other law. This specific class of offenses/offenders was discussed in *People v. Jeffers* [(1987) 43 Cal.3d 984, 994-1000]: incestuous and opportunistic intrafamilial offenders who have brighter prospects for rehabilitation and eventual reunification with a healthy family. . . . [¶] . . . Nothing in [former section 667.61, subdivision (c),] indicates the legislature sought to eliminate the middle ground (determinate term) treatment[,] which punishes and hopefully rehabilitates, yet permits eventual family reunification, for this class of offenders. [Molina's] construction [of former section 667.61, subdivision (c),] merely places this class of offenses among a host of other sex offenses (including attempts and statutory rape)[,] which are not necessarily subject to the drastic life terms."

The language of the statute does not support Molina's argument. Former section 667.61 did not create or describe a class of offenses or offenders entitled to

9

determinate term treatment. It created a "'limited exception'" to "the ban on probation" otherwise applicable to convictions for "sex crimes qualifying for One Strike treatment" under the statute. (*People v. Wutzke*, *supra*, 28 Cal.4th at pp. 930, 932.)

The jury made all of the findings required for the statutory maximum under former section 667.61: a conviction of violating section 288, subdivision (a), and a qualifying circumstance of section 667.61, subdivision (e). Molina's sentence is not unconstitutional under *Apprendi*.

## DISPOSITION

The judgment is affirmed.

SEGAL, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.