Filed 4/10/15  P. v. Martins CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH SOUZA MARTINS,<br><br>  Defendant and Appellant. | G049485<br><br>(Super. Ct. No. 96HF0479)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Dan McNerney, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Joseph Souza Martins appeals from the denial of his petition for recall of his indeterminate life sentence under Penal Code section 1170.126 (unless otherwise identified, all further statutory references are to this code), which was enacted as part of the Three Strikes Reform Act (Voter Information Guide, Gen Elec. (Nov. 6, 2012) text of Prop. 36, § 6, pp. 109-110 (hereafter Voter Information Guide).)  Defendant contends the order must be reversed because he was entitled to have a jury decide the issue of whether resentencing him to a lower term posed an unreasonable risk of danger to public safety, and to have that decision made in accordance with the "beyond a reasonable doubt" standard of proof.  The contention is unpersuasive.

Nothing in the process set forth in section 1170.126 can result in an inmate being subjected to a longer sentence.  Here, as in all cases to which section 1170.126 applies, the lengthy sentence defendant complains of has *already been imposed*, and we presume, appropriately.  What section 1170.126 does is offer an inmate the opportunity to have that lengthy sentence recalled, so he or she can be resentenced to a *shorter* term.  And if the inmate is unsuccessful in obtaining relief, as defendant was here, his or her sentence remains *unchanged*.  In these circumstances, the inmate's Sixth Amendment right to a jury trial, and to proof of facts beyond a reasonable doubt, are not implicated.

And because defendant had no such rights in connection with the section 1170.126 petition proceeding, we need not address his related contention that his counsel provided ineffective assistance by not asserting those rights in the court below.

FACTS

Defendant was convicted of possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)).  Defendant was found to have six prior serious or violent felony convictions, and he was sentenced to an indeterminate term of 25 years to life.

2

In April 2013, defendant petitioned to have his sentence recalled pursuant to section 1170.126. The prosecutor did not dispute defendant's eligibility for recall of his sentence, but opposed the petition on the ground that resentencing defendant to a lower term would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) In support of that contention, the prosecutor cited defendant's criminal history, his extensive history of disciplinary violations while in prison, and his association with a violent prison gang called the Nazi Low Riders.

The trial court agreed with the prosecutor and denied the petition. On appeal, defendant does not challenge the sufficiency of the evidence to support the trial court's decision. Instead, he argues only that because the determination he posed a danger to public safety means he will serve a longer sentence than he otherwise would have under section 1170.126, he was entitled to have that issue decided by a jury, and supported by proof beyond a reasonable doubt.

## DISCUSSION

### 1. The Resentencing law

Section 1170.126 was enacted by voter initiative in 2012, as part of the Three Strikes Reform Act. (Voter Information Guide, *supra*, text of Prop. 36, § 6, p. 109.) Among the stated purposes of the initiative, as explained to voters, was to "[r]estore the Three Strikes law [sections 667 and 1170.12] to the public's original understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime" and to "[m]aintain that repeat offenders convicted of non-violent, non-serious crimes like shoplifting and simple drug possession will receive twice the normal sentence instead of a life sentence." (*Id.* § 1, p. 105.)

In accordance with those goals, section 1170.126 provides persons who were previously sentenced to indeterminate life terms under an earlier version of the "Three Strikes" law the opportunity to petition for recall of their sentences and resentencing to the term that would have been imposed for their crime under the revised Three Strikes law passed by the voters in the form of Proposition 36. Thus, section 1170.126, subdivision (a) states that it is intended to apply only to those "persons presently serving an indeterminate term of imprisonment . . . whose sentence under this act would not have been an indeterminate life sentence." And subdivision (b) specifies that the relief to be obtained through a successful petition is "resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of section 1170.12, as those statutes have been amended by the act that added this section." (§ 1170.126, subd. (b).)

Consequently, the initial inquiry under section 1170.126 is whether an inmate who is already serving an indeterminate life sentence under the Three Strikes law, would have been sentenced to that same indeterminate life term under the revised sentencing provisions of the Three Strikes Reform Act. And the petition to recall the indeterminate life sentence is required to specify the exact basis for its imposition: "The petition . . . shall specify all of the currently charged felonies, *which resulted in the sentence* under paragraph (2) of subdivision (e) of section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, and shall also specify all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12." (§ 1170.126, subd. (d), italics added.)

Subdivision (e) of section 1170.126 then details which inmates are "eligible" for resentencing, based upon what they were sentenced for originally. The first requirement is that "[t]he inmate is serving an indeterminate term of life imprisonment

4

imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent felonies . . . ." (§ 1170.126, subd. (e)(1).)

The second requirement is that "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) These cross-referenced offenses include certain controlled substance charges, certain felony sex offenses, as well as offenses committed using a firearm, committed while the defendant was armed with a firearm or deadly weapon, or committed with the intention to cause serious bodily injury.

And the third requirement relates to prior convictions, specifying that the eligible inmate "has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)

If the inmate meets these basic eligibility requirements, he or she must be resentenced in accordance with section 667, subdivision (e)(1) and section 1170.12, subdivision (c)(1) – i.e., to twice the term otherwise provided as punishment for the current felony – "*unless the court, in its discretion*, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f), italics added.) Thus, whether an *eligible* inmate actually *obtains* resentencing relief will depend upon the court's discretionary assessment of the inmate's dangerousness.

Subdivision (h) of section 1170.126 specifies that "[u]nder no circumstances may resentencing under this act result in the imposition of a term longer than the original sentence."

5

*2. Right to Jury Trial*

Defendant asserts that under the two-step process outlined in section 1170.126, the court's initial determination an inmate is "eligible" for resentencing to a lower term under subdivision (e), equates to a finding the inmate is *entitled* to such relief. Then, in step two, the court can refuse to impose the lower term defendant is entitled to if it determines, pursuant to subdivision (f), that doing so would pose an unreasonable risk of danger to public safety. Based on that interpretation of the process, defendant argues that the court's determination of dangerousness in step two amounts to a factual finding which *increases* an inmate's minimum sentence from the term presumptively *set* in step one, and thus the inmate is entitled to have that issue decided by a jury instead, as guaranteed by the Sixth Amendment to the United States Constitution. (See, *Alleyne v. United States* (2013) 570 U.S. __ [133 S.Ct. 2151, 186 L.Ed.2d 314] ["a criminal defendant cannot be subjected to a longer sentence – including a longer minimum sentence – on the basis of judicial fact finding"].)

Key to defendant's argument is his portrayal of section 1170.126 as requiring a "two-step process." In defendant's view, the two steps involved in this process are not part of a *single* inquiry, but should instead be viewed as essentially two *separate* proceedings. In the first step, the court determines whether a defendant is "entitled" to relief, and in the second step, the court will decide the terms of that relief – either the inmate will be resentenced to the lower term, or to another indeterminate life sentence, based on whether imposing the lower term represents "'an unreasonable risk of danger to the public safety.'"

We reject this portrayal of the section 1170.126 process. Contrary to defendant's theory, at no point in the process outlined in section 1170.126 is the inmate subjected to the risk of a *longer* sentence. Here, as in all cases to which section 1170.126 applies, the indeterminate life sentence defendant ended up with was the one *already*

6

*imposed* in an earlier proceeding, and we presume, appropriately.  What section 1170.126 does is offer the opportunity for an inmate to have that lengthy sentence recalled, so that the *shorter term* specified in section 1170.126 can be imposed.

An inmate who is merely deemed "eligible" for resentencing under subdivision (e) of the statute has not obtained any relief from his indeterminate life sentence – presumptive or otherwise.  It is not until after a court makes the discretionary determination that resentencing the inmate to the lower term would not pose an unreasonable danger to public safety, that the inmate's sentence is recalled and he becomes *entitled* to resentencing in accordance with the statute.  But if the court determines instead that resentencing the inmate *would* pose an unreasonable danger, then the inmate's indeterminate life sentence remains in place *and unchanged*.  In these circumstances, the inmate's Sixth Amendment right to a jury trial, and to proof beyond a reasonable doubt, is not implicated.

This same point was cogently made in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, "Penal Code section 1170.126, subdivision (f) does not state that a petitioner eligible for resentencing has his sentence immediately recalled and is resentenced to either a second strike term (if not dangerous) or a third strike indeterminate term (if dangerousness is established).  Instead, the statute provides that he 'shall be resentenced' to a second strike sentence 'unless the court . . . determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.'  In other words, dangerousness is not a factor which enhances the sentence imposed when a defendant is resentenced under the Act; instead, dangerousness is a hurdle which must be crossed *in order for a defendant to be resentenced at all*.  If the court finds that resentencing a prisoner would pose an unreasonable risk of danger, the court *does not resentence the prisoner*, and the petitioner simply *finishes out the term to which he or she was originally sentenced*."  (*Id.* at pp. 1302-1303, italics added.)

7

We agree with this analysis. Defendant argues, however, that *Kaulick*'s interpretation of the "'shall be sentenced . . . unless'" language in section 1170.126 "cannot be squared" with decisions construing similar language as creating a *presumptive* sentence which must be imposed unless additional facts are found (i.e., defendant's "dangerousness") to justify an increase. The argument is unpersuasive, because as *Kaulick* points out, the section 1170.126 proceeding is not a sentencing proceeding – instead, it is a proceeding designed to determine *whether* an inmate will be resentenced.

*Kaulick* also relied on the United States Supreme Court's determination in *Dillon v. United States* (2010) 560 U.S. 817, 828 [130 S.Ct. 2683, 177 L.Ed.2d 271] (*Dillon*), that a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt were not implicated when Congress passed legislation (18 U.S.C. § 3582(c)(2)) that provided prisoners with the opportunity to petition the court for a discretionary *reduction* in their sentences based on subsequent downward modifications to the federal sentencing guidelines. (*Kaulick, supra*, 215 Cal.App.4th at p. 1304.) We find *Dillon* persuasive as well.

Significantly, the Supreme Court emphasized in *Dillon* that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." (*Dillon*, *supra*, 560 U.S. at p. 825.) The Supreme Court then explained that "[n]otably, the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled. We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents *a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines*. [¶] Viewed that way, proceedings under § 3582(c)(2) do not implicate the

8

Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt. Taking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment . . . ." (*Id.* at p. 828.)

*Kaulick* found *Dillon*'s language applicable, since in this situation as well, "[t]he retrospective part of Prop. 36 is . . . an act of lenity on the part of the electorate" and "provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues." (*Kaulick, supra*, 215 Cal.App.4th at pp. 1304-1305.) We agree.

Defendant has also attempted to distinguish *Kaulick* on the basis it was decided prior to *Alleyne v. United States, supra*, 570 U.S. __ [133 S.Ct. 2151, 186 L.Ed.2d 314]. However, because *Kaulick*'s essential point is that nothing in section 1170.126 exposes an inmate to a longer sentence than the one he or she is already serving, we conclude its analysis of whether the statute implicates the Sixth Amendment right to have issues decided by a jury, and based on proof beyond a reasonable doubt, is entirely consistent with the principles stated in *Alleyne*.

Other courts have utilized essentially the same analysis in concluding no jury trial is required in comparable situations. In *People v. Benitez* (2005) 127 Cal.App.4th 1274 (*Benitez*), the court rejected a similar argument made in the context of section 667.61, which allows the court to make a discretionary determination that a defendant is qualified for probation as an alternative to imposing a lengthy prison sentence. The court explained that "[f]inding a defendant ineligible for probation is not a form of punishment, because probation itself is an act of clemency on the part of the trial court." Consequently, the determination "is not subject to the rule of *Blakely* [*v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531, 159 L.Ed.2d 403]]." (*Benitez, supra*, at p. 1278.)

9

In *People v. Garcia* (2004) 121 Cal.App.4th 271 (*Garcia*), the court held there was no federal constitutional right to a jury determination of whether the defendant's first degree burglary qualified as a violent felony for purposes of the presentence conduct credit limitation prescribed by section 2933.1, subdivision (c). And in *People v. Lara* (2012) 54 Cal.4th 896, 901, our Supreme Court cited *Garcia* with approval, noting that a jury determination was not required because "facts invoked to limit conduct credits *do not increase* the penalty for a crime." (Italics added.)

Finally, in *People v. Solis* (2001) 90 Cal.App.4th 1002, the court rejected a contention that the determination of whether section 654 applies must be made by a jury: "'The question of whether section 654 operates to "stay" a particular sentence does not involve the determination of any fact that could increase the penalty for a crime beyond the prescribed statutory maximum for the underlying crime. . . .' [Citation.] 'Unlike the "hate crime" provision in *Apprendi*, section 654 is not a sentencing "enhancement." On the contrary, it is a sentencing "reduction" statute. Section 654 is . . . a discretionary benefit provided by the Legislature to apply in those limited situations where one's culpability is less than the statutory penalty . . . .'" (*People v. Solis*, *supra*, 90 Cal.App.4th at pp. 1021-1022.)

As all of these cases make clear, an inmate has no constitutional right to have a jury determine whether the sentence properly imposed upon him in accordance with the law should be *reduced*. Because that is the remedy offered by section 1170.126, defendant had no right to a jury determination of any factual issue, and no right to have adverse factual finding subjected to proof beyond a reasonable doubt.

DISPOSITION

The order is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

ARONSON, J.