Filed 3/21/22  P. v. Contreras CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER CONTRERAS,<br><br>    Defendant and Appellant. | D078940<br><br><br><br>(Super. Ct. No. SCS313701) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Britton Lacy and Teresa Torreblanca for Plaintiff and Respondent.

After cutting his ex-girlfriend with a knife, Christopher Contreras pled guilty to assault by means of force likely to cause great bodily injury involving domestic violence (Pen. Code[1], §§ 245, subd. (a)(4), 1203.097). The superior court suspended imposing sentence and placed Contreras on three years' formal probation.

On appeal, Contreras challenges several conditions of his probation. One (condition 6n) requires that he submit his cell phone to warrantless search. Based on *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*), we conclude the cell phone search condition is invalid. But we reject on forfeiture grounds his other challenges to conditions requiring (1) that he submit other electronic devices to search; and (2) that he participate in "treatment, therapy, counseling, or other course of conduct as suggested by validated assessments tests."

The trial court also imposed various fees and assessments. Contreras contends, the Attorney General concedes, and we agree that in light of recent legislation, the $1,433 presentence probation report fee and the $176/month probation supervision fee are uncollectable. The parties also agree that the $30 criminal conviction and $40 court operations assessments should have been entered separately and not as probation conditions.

In sum, we will remand with directions to modify the probation order to (1) delete "cell phone" from condition 6n; (2) vacate the presentence probation report fee and the probation supervision fee to the extent each was unpaid as of July 1, 2021; and (3) eliminate the criminal conviction and court operations assessments as conditions of probation. In all other respects, the judgment is affirmed.

---

[1]     Undesignated statutory references are to the Penal Code.

2

FACTUAL AND PROCEDURAL BACKGROUND[2]

In November 2019, Contreras's ex-girlfriend, Sarah R., was in her parked car at a gasoline station. Contreras walked towards her carrying a "sharp pointed metal object" and "made a stabbing motion" into the open driver's side window. Sarah sustained a half-inch abrasion to her arm.

Contreras was arrested after being identified from surveillance video. He pled guilty to assault by means of force likely to produce great bodily injury involving domestic violence, and in exchange the prosecutor dismissed other related charges. The court also entered a criminal protective order providing, among other things, that Contreras "must have no personal, electronic, telephonic, or written contact" with Sarah.

DISCUSSION

A.  *The Cell Phone Search Condition is Invalid and Defense Counsel's Objection Sufficiently Preserved the Issue for Appeal.*

The probation officer asked the court to impose condition 6n, requiring Contreras to submit his "person, vehicle, residence, property, personal effects, computers[,] recordable media [and] and cellphone to search at any time with our without a warrant, and with or without reasonable cause . . . ." According to the officer, this was necessary to ensure Contreras complies with the criminal protective order by "not contacting the victim and harassing her in any way."

Although condition 6n encompasses a variety of electronic devices including "computers and recordable media," defense counsel objected only to "electronic searches of [Contreras's] cell phone." After asserting that the risk of Contreras contacting Sarah was "very di minimus" and "[could] be addressed in other manners," counsel explained, "When you look at the

[2]  The facts are taken from the probation report. (See *People v. Barasa* (2002) 103 Cal.App.4th 287, 290, fn. 1.)

amount of private information and privacy concerns that have to do with searching somebody's cell phone, I think that the request for the purpose that is asked is overbroad." Rejecting that argument, the court imposed the cell phone condition, stating it was "the only way" to enforce the order prohibiting Contreras from contacting Sarah. As explained below, the court erred.

A probation condition is invalid where it is: (1) not reasonably related to the defendant's crime, (2) relates to conduct that is otherwise legal, and (3) requires or forbids conduct not reasonably related to preventing future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) Here, there is no relationship between the use of a cell phone and the assault on Sarah. And obviously, using a cell phone is otherwise legal. Accordingly, the challenged condition is valid only if it regulates conduct that is reasonably related to Contreras's future criminality.

The application of the third *Lent* factor to an electronic device search condition was the centerpiece of *Ricardo P.* There, a juvenile who committed a burglary challenged a probation condition allowing warrantless searches of his electronic devices. (*Ricardo P.*, *supra*, 7 Cal.5th 1113.) The trial court justified the condition on the grounds that it would facilitate monitoring the juvenile's compliance with probation terms prohibiting drug use. Although there was no evidence that the juvenile had used his phone to purchase drugs, the trial court reasoned that in general, juveniles use their phones to buy drugs and brag about drug use online. (*Id.* at pp. 1119–1120.) Striking the search condition, the Supreme Court observed that "requiring a probationer to surrender electronic devices and passwords to search at any time is . . . burdensome and intrusive, and requires a correspondingly substantial and particularized justification." (*Id.* at p. 1126.) Reasonableness necessitates "more than just an abstract or hypothetical

4

relationship between the probation condition and preventing future criminality." (*Id.* at p. 1121.)  Thus, under *Ricardo P.*, "there must be a specific relationship—grounded in the facts of the case—between the condition and preventing future criminality." (*People v. Cota* (2020) 45 Cal.App.5th 786, 790 (*Cota*).)

The same concerns involved in *Ricardo P.* also exist here.  Under condition 6n, Contreras's cell phone can be searched at any time without a warrant.  As in *Ricardo P.*, the trial court imposed the condition to facilitate monitoring his compliance with other probation terms—here, a no contact order.  In both cases, the condition was premised on a general assumption.  In *Ricardo P.*, the trial court assumed that drug users routinely buy drugs using their cell phone.  Here, the court assumed that if Contreras tried to contact Sarah, he would use his cell phone.  The assumption is undoubtedly a reasonable one in general.  Almost everyone—and especially those in their mid-20's like Contreras—uses a cell phone for communicating.

But under *Ricardo P.*, generalizations like this are not enough.  There must instead be a case-specific nexus between the use of the electronic device, the defendant, and his criminality.  Here, however, there is none.  Nothing connects Contreras's use of a use of a cell phone with his assault.  Additionally, Contreras has no criminal history, and there is nothing in the record even hinting that his assault was in any way related to his use of a cell phone.  Nor was there even any evidence that he had ever used a cell phone to harass or contact Sarah in the period leading up to the assault or at any time after.  The requisite case-specific rationale to support a blanket search condition of Contreras's cell phone is simply lacking.

In seeking to uphold the search condition, the Attorney General first contends Contreras forfeited the point by objecting only on the grounds that

the cell phone condition was "unconstitutionally overbroad" and not that it was unreasonable under *Lent* and *Ricardo P.* Although it is true that counsel did not say "Lent" or "Ricardo P.," in a criminal case an objection " 'will be deemed preserved if, despite inadequate phrasing, the record shows that the court understood the issue presented.' " (*People v. Flores* (2020) 9 Cal.5th 371, 397.) Here, although defense counsel did not mention the controlling cases by name, he invoked their underlying principles, stating (1) there was no evidence that Contreras had tried to contact Sarah using his phone, and (2) the intrusion into "private information and privacy concerns" was disproportional to the "di minimus" risk of noncompliance. Moreover, the trial court's ruling—that the search condition was valid because it would facilitate ensuring compliance with the criminal protective order—demonstrates it understood the crux of counsel's objection. The issue was sufficiently preserved for appeal. (*People v. Bryant* (2019) 42 Cal.App.5th 839, 844, fn. 3 [objection stating there was " 'no criminal conduct involving a cell[ ] phone' " and there was not a " 'proper showing of need to impose this term' " sufficient to preserve *Lent* and *Ricardo P.* issue on appeal].)

That said, we do agree with the Attorney General's secondary forfeiture argument. He correctly notes that condition 6n includes not only cell phones, but also "computers and recordable media." But defense counsel only objected to searches of Contreras's cell phone—not to searches of computers or even electronic devices in general. For example, after addressing the marijuana condition, counsel stated, "The other objection that we have is for electronic searches of his cell phone." Later, counsel concluded his argument by stating, "so we would be objecting in regards [(*sic*)] to cell phones."

It is a bit unclear from Contreras's opening brief whether his appellate argument on condition 6n extend beyond cell phones to other electronic

6

devices. At one point the brief appears to be limited, stating, "The cell phone search condition is invalid because it violates all three prongs of the *Lent* test." But elsewhere the brief states, "the electronics search condition is unreasonable under *Lent*'s third prong and must be stricken."

Because trial counsel unequivocally and specifically limited the objection to cell phones, we agree with the Attorney General that to the extent Contreras now seeks for the first time on appeal in include other electronic devices, the claim is forfeited. (See *People v. Welch* (1993) 5 Cal.4th 228, 235 (*Welch*); *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 5 ["probationers are well advised to object at sentencing to conditions they find improper or unjustified, thereby ensuring they have preserved the issue for appeal"].)

Turning to the merits as applied solely to cell phones, the Attorney General asserts that the search condition is valid because it "will help ensure that [Contreras] complies" with the criminal protective order and is a "necessary tool for effective supervision."

We fully appreciate that warrantless searches of Contreras's cell phone would facilitate monitoring compliance with the no-contact order. But as we explained in *Cota*, "Mere convenience in monitoring a [probationer's] conduct, coupled with generic descriptions of how some people use cell phones, are not sufficient to render this burden on [a probationer's] privacy interests reasonable." (*Cota, supra*, 45 Cal.App.5th at p. 791.)

Similarly, we do not minimize the seriousness of Contreras's crime, nor the legitimate need to monitor his compliance with the no contact protective order. But in *Ricardo P.*, the Supreme Court determined that where, as here, there is no case-specific nexus between the electronic device and future criminality, allowing a blanket search goes too far. " '[T]his wide-ranging

7

search clause burdens [Contreras's] privacy in a manner substantially disproportionate to the . . . legitimate interest in monitoring [his] compliance with' " the no-contact order. (*In re Amber K.* (2020) 45 Cal.App.5th 559, 567.)[3]

B.    *Contreras Forfeited His Claim That Condition 7b Impermissibly Delegates Discretion to a Probation Officer.*

In probation condition 7b, the court required Contreras to "[p]articipate in treatment, therapy, counseling, or other course of conduct as suggested by validated assessment tests." Although defense counsel did not object in the trial court, on appeal Contreras contends this condition "violates the separation of powers doctrine and is void for vagueness." He concedes that the trial court "had the authority" to order specified assessments and treatments, but claims the court "erred by delegating that specification to probation."

This claim is also forfeited. (*Welch*, *supra*, 5 Cal.4th at pp. 234–235.) To the extent Contreras had any concerns about the court delegating authority to the probation officer, he could have objected and asked the trial court to address those concerns when condition 7b was imposed. By accepting this term without objection, Contreras prevented the trial court from being able to narrow its scope had that been appropriate. The purpose of the forfeiture rule is to avoid precisely this situation—where an objection would have permitted the trial court to address the concern and/or make a better record to support the court's decision. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 881 (*Sheena K.*).)

---

[3]    Because the cell phone search condition is invalid under *Lent*, it is unnecessary to address Contreras's alternative claim that the condition is unconstitutionally overbroad. (See *Cota*, *supra*, 45 Cal.App.5th at p. 791, fn. 5.)

8

In any event, even if we were to exercise our discretion to consider the claim, we would conclude that the challenged condition is a reasonable and appropriate delegation of authority. The court is statutorily required to delegate authority over probationers to probation officers. (§ 1203.1, subd. (j).) The pragmatic reason is that the goals of probation include reformation and rehabilitation of the probationer—and a trial court "is poorly equipped to micromanage selection of a [treatment or counselling] program." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308.)

Moreover, Contreras did not object to a related condition (condition 6r), which requires that he "participate and comply with any assessment program if directed by the [probation officer]." That acquiescence effectively concedes that the trial court properly delegated the discretion to select tests designed to diagnose Contreras's rehabilitative needs. It would make little sense to at the same time withhold a concomitant delegation of discretion to direct his participation in reasonable treatment plans designed to meet those needs once they are understood.

C. *Condition 7b is Not Unconstitutionally Vague.*

In a related argument also made for the first time on appeal, Contreras contends that condition 7b "fails to delineate what types of course of conduct such assessment tests may ultimately suggest." He asserts that this condition "is simply too open-ended" and as a result, "unconstitutionally vague." Again, even if the point had been properly preserved by objection in the trial court, we would disagree.

In addition to a general reasonableness requirement, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness."

9

(*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  Here, Condition 7b is not unconstitutionally vague.  It plainly directs Contreras to participate in "treatment, therapy, counseling, or other course of conduct" as indicated by the results of assessment programs and as directed by the probation officer.  Moreover, the record does not show that Contreras has been directed by a probation officer to participate in any "course of conduct as suggested by validated assessment tests."  In the future, if he is directed by a probation officer to comply with this condition in a manner that does not give him sufficient information to discern what conduct is required, he may challenge the manner in which the condition has been implemented. (§§ 1203.2, subd. (b)(1), 1203.3, subd. (a); see *People v. Keele* (1986) 178 Cal.App.3d 701, 708 [trial court retains jurisdiction to review probation officer's actions].)[4]

D.   *The Judgment Must Be Modified to Vacate the Unpaid Portion of the Fees Imposed for the Presentence Probation Report and Monthly Probation Supervision.*

At the time of sentencing in May 2021, (former) section 1203.1b, subdivision (a) authorized the court to order a probationer to pay the reasonable cost of (among other things), a presentence investigation and ongoing probation supervision.  (Stats. 2014, ch. 468 (Assem. Bill No. 2199),

---

[4]    In the opening brief, Contreras also challenged conditions 6b ("Follow such course of conduct that the P.O. [probation officer] communicates to defendant") and 6k ("Provide true name, address, and date of birth if contacted by law enforcement.  Report contact or arrest in writing to the P.O. within 7 days.  Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency.")  However, in the reply brief he acknowledges that this court's decision in *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240  upheld under *Lent* a condition requiring a probationer to " 'follow such course of conduct as the probation officer may prescribe,' " and our recent decision in *People v. Brand* (2021) 59 Cal.App.5th 861, 870  forecloses his argument on condition 6k.  Following these cases, we do not further address these claims.

§ 1.)  The court ordered Contreras to cooperate in completing a financial evaluation, and if it was determined that he had the present ability, to pay $1,433 "for the pre-sentence investigation" and "up to $176 per month for probation supervision."

Effective two months later in July 2021, the Legislature enacted Assembly Bill No. 1869, which abrogated the authority to impose and collect 23 different administrative fees, including the presentence investigation and probation supervision fees authorized under former section 1203.1b.  (Stats. 2020, ch. 92, § 62; § 1465.9, subd. (a); see *People v. Greeley* (2021) 70 Cal.App.5th 609, 625.)  The parties agree, as do we, that any unpaid portion of these fees are uncollectable and unenforceable as of July 1, 2021. Contreras is entitled to have that portion of each of these fees that remain unpaid as of July 21, 2021 vacated from the judgment.  (See *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 952.)

E.  *The Court Erred in Making the Criminal Conviction and Court Operations Assessments Conditions of Probation.*

In sentencing Contreras, the court stated in part:

> "In this case, imposition of sentence is suspended for a period of three years.  He is placed on formal felony probation for that period of time on the following terms and conditions:"  [¶] . . . [¶]

> "He's to pay a court operations assessment of [$]40, a criminal conviction assessment of [$]30 . . . ."

Assembly Bill No. 1869 did not abrogate the court's authority to impose either of these assessments.  But they cannot be made a condition of probation.  (*People v. Kim* (2011) 193 Cal.App.4th 836, 842–843 (criminal conviction assessment under Gov. Code, § 70373); *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402 (court operations assessment under § 1465.8).) Contreras contends and the Attorney General concedes that these

11

assessments should have been imposed as a separate order and not as probation conditions.

## DISPOSITION

The matter is remanded to the superior court to modify its order of probation to strike "cell phone" from condition 6n and to also strike the court operations and court facilities assessments as conditions of probation, and instead order them to be paid in a separate order. Any portion of the probation costs ($1,433 for the presentence investigation, and up to $176 per month for probation supervision) not collected before July 1, 2021 is unenforceable and uncollectible. The portion of the judgment imposing such costs pursuant to former section 1203.1b is vacated. In all other respects, the judgment is affirmed.

DATO, J.

WE CONCUR:


AARON, Acting P. J.


DO, J.

12